IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**TYLER LANE GRAHAM**                                                                                     **PETITIONER**

**v.**                                                                                                    **NO. 1:13-cv-559-KS-MTP**

**WARDEN TIMOTHY MORRIS**                                                                                 **RESPONDENT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the *pro se* Petition of Tyler Lane Graham for a Writ of Habeas Corpus [1]. Having carefully considered the submission of the parties, the record, and the applicable law, the undersigned recommends that the petition be dismissed with prejudice for failure to exhaust state remedies.

### PROCEDURAL HISTORY

On November 20, 2006, Petitioner Tyler Lane Graham pleaded guilty to one count of aggravated assault and one count of armed robbery and was sentenced in the Circuit Court of Carroll County, Mississippi ([9-1].) On December 8, 2006, Graham was sentenced to serve a term of twenty years for aggravated assault and a term of twenty-five years for armed robbery. In this action, Graham does not attack his convictions. As grounds for habeas relief, Graham argues that on April 16, 2013, he was improperly removed from "trusty status" by the Mississippi Department of Corrections (M.D.O.C) and that his earned "good time" was improperly revoked. Graham asserts that the MDOC revoked over four years of his earned time credit.

On April 16, 2013, Graham filed a complaint ([9-2]) with the Administrative Remedy Program (A.R.P.) regarding his sentence. Graham claimed his case manager informed him that she was "revoking [his] Trusty Status" due to the fact that his sentence for armed robbery was

mandatory. Graham completed the ARP process, and on May 13, 2013, Graham's request for the restoration of his trusty status was denied. ([9-5].) On June 20, 2013, Graham sought post-conviction relief in the Greene County Circuit Court. ([9-6].) On July 15, 2013, the Greene County Circuit Court affirmed the decision. ([9-7].) On August 14, 2013, the Greene County Circuit Court denied Graham's motion to proceed with his case on appeal *in forma pauperis.* ([9-8].) On August 26, 2013, the Mississippi Supreme Court denied Graham's Motion for Leave to Proceed *in forma pauperis.* ([9-9].)

On September 13, 2013, the supreme court informed Petitioner that he effectively had fourteen days to pay the costs of the appeal, or the appeal would be dismissed. ([9-10].)[1] Petitioner failed to pay the filing fee, and on November 21, 2013, the supreme court dismissed the case. ([9-11].) On October 7, 2013, Graham filed a petition for writ of habeas corpus [1] in the United States District Court for the Southern District of Mississippi challenging his removal from trusty status and the revocation of his earned time credit. On December 31, 2013, Respondent filed a Response [9] arguing that Petitioner failed to exhaust his remedies in state court.

## ANALYSIS

It is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all of his claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995). Pursuant to 28 U.S.C. § 2254,

> (b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of the State Court shall not be granted unless it appears that
> (A)      the applicant has exhausted the remedies in the courts of the State; or

---

[1]This notice from the supreme court was marked "received" on September 17, 2013.

>   (B)   (i) there is an absence of available State corrective process; or
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>   . . . .
>
>   (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

A state court prisoner must exhaust available state court remedies as to each and every ground upon which he claims habeas relief pursuant to 28 U.S.C. § 2254. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). Federal law requires habeas petitioners to first present their claims in state court and to exhaust all state court remedies. *See* 28 U.S.C. § 2254(b). The exhaustion requirement is generally satisfied when the grounds urged in the federal position were presented to the highest state court in a procedurally proper manner. *Wenceslao v. Quarterman*, 326 Fed. App'x 789, 790 (5th Cir. 2009) ("The exhaustion requirement is satisfied when the substance of the federal habeas claim has been 'fairly presented' to the state's highest court.") (citing *Morris v. Dretke*, 739 F.3d 199, 204 (5th Cir. 2004)). A habeas petitioner may overcome the procedural default if he is able to demonstrate "cause for the default and actual prejudice as a result," or establish that a "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991).

In the instant case, the Mississippi Supreme Court denied Petitioner *in forma pauperis* status and sent notice to Petitioner informing him that he was required to pay the cost of appeal. Petitioner did not comply, and on November 21, 2013, Petitioner's appeal was dismissed for failure to pay court costs. As the time for exhausting his claim has passed, Petitioner no longer has the ability to exhaust his claim. *See Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (quoting *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998)) (stating that when federal

habeas claims are 'technically' exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state courts ... [,] there is no substantial difference between non-exhaustion and procedural default"); *see Sones v. Hargett* 61 F.3d 410, 416 (5th Cir. 1995) ("when state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims"); *see also Ransburgh v. Epps*, 2012 WL 5304079, at * 2 (S.D. Miss. Oct. 2, 2012) ("Petitioner's failure to seek timely such review and pay the appeal costs results in a procedural default of his federal habeas claim and a bar to its review by this court.")

    Where a habeas claim is procedurally barred, it may be considered on the merits by a federal court under two narrow exceptions: "cause and actual prejudice" or a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To prove sufficient cause to excuse default, Petitioner must establish that some external impediment prevented him from raising the defaulted claim. "Cause" under the cause and prejudice test must be something that cannot fairly be attributed to him. *Id*. at 753. Petitioner has failed to prove that such an impediment existed to excuse his failure to pay the appellate fees required by the supreme court. *See e.g., Ruff v. Bradley*, 2007 WL 670952, at *2 (N.D. Miss. Feb. 28, 2007) ("No external impediment prevented the petitioner from completing the grievance review process–including paying the costs of his appeal to the Mississippi Supreme Court–and thereafter properly raising and discussing [his] claims as grounds for relief in state court.") *see also Levy v. Epps*, 2011 U.S. Dist. LEXIS 49388, at * 7 (S.D. Miss. Apr. 14, 2011) ("Although the petitioner argues that the Mississippi Supreme Court's denial of his application to proceed *in forma pauperis* on appeal foreclosed his appeal rights, such argument does not establish cause.") Moreover, if the

Petitioner failed to show cause, the court need not consider whether there was actual prejudice. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

Petitioner also cannot establish that the court's failure to hear his claim would result in a "fundamental miscarriage of justice." The fundamental miscarriage of justice exception is more narrow than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). In the instant case, Petitioner does not challenge his convictions for armed robbery or aggravated assault; instead, he challenges his loss of "trusty status" and "good time" earned. Petitioner, however, has failed to demonstrate that he is entitled to "trusty status" or "good time credit." *See Levy*, at *7. [2] As a result, Petitioner has not established that the court's failure to hear his claims would result in a "miscarriage of justice."

## RECOMMENDATION

For the reasons stated above the undersigned recommends that the *pro se* Petition for Writ of Habeas Corpus [1] be DENIED for Petitioner's failure to exhaust his state court remedies and that the matter be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The

---

[2] *See* Miss. Code Ann. § 47-5-139(1)(e) (An inmate may not receive earned time until he has served "the mandatory time required for parole eligibility for a conviction of robbery or attempted robbery with a deadly weapon.").

District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 6th day of June, 2016.

s/ Michael T. Parker
United States Magistrate Judge